BREAUX, C. J.
Plaintiff sues on a timber contract, the first paragraph of which describes the land on which the timber is situated. In the second paragraph of this contract the defendant vendor excepts from the sale the large trees. In the third paragraph the vendor conveys to vendee the privilege necessary to “deaden,” “fell,” “raft,” “float,” and take away the timber. The exercise of this privilege was limited to five years from the date of the contract of sale of the trees.
The price was $300 cash.
This contract was entered into on the 5th day of May, 1901. It expired on the 6th day of May, 1906 — is defendant’s contention.
Plaintiff brought suit on the 16th day of May, 1906, and sued out a writ of sequestration. The trees are now in the custody of the officer of the court.
Plaintiff, as relates to the larger trees, states that it, through one of its agents, was requested to send some one on the land, and agree with it as to what timber was not included in the contract, but that, defendant having neglected to send any one, it, through its agents and workmen, went to work on the land felling the trees before the expiration of the five years.
It remains as a fact that none of the trees were removed within the five years.
The evidence discloses that plaintiff’s forces did not spare even the smaller trees. In regard to all of the trees, the evidence shows that they remained where they fell.
The large trees, to which we referred above, defendant intended should remain standing in order to supply her place with needful ,pews from time to time.
Defendants charge that plaintiff cut down the large trees and the small trees; that is, those of the latter that were too small for use at the mill.
Plaintiff cut down both in violation of the contract, as defendant averred. The trees were cut down just before the expiration of the contract in April.
The judgment appealed from rejects plaintiff’s demands, and decrees that the title to the trees reverted to the original owners, because of plaintiff’s failure to take away the trees within the five years as stipulated in the contract. The writ of sequestration which plaintiff had obtained was dissolved, and plaintiffs were condemned to pay $500 damages and attorney’s fees for services in setting the sequestration aside.
Two hundred and fifty dollars is the *837 amount of damages allowed for the large trees, known in the local vernacular as “ar-bres a pieux.”
Defendant’s reconventional demand for damages on account of the small trees cut down too small for the mill was' dismissed, as in case of nonsuit. The costs were assessed to .plaintiff. Prom the judgment, plaintiff prosecutes this appeal.
The primary question is, to whom did the trees belong?
We have noted that the contract of sale included the clause that the trees were to be removed in five years from the date of the contract. It does seem that the time limit was a condition subsequent, and that after the five years had elapsed the plaintiff lost the contractual right of enter-: ing upon the land, and that - the contract was at an end. The right was made to depend on the condition that plaintiff would remove the trees within the time stated, otherwise the vendee has become the owner of a right which he may exercise at his pleasure, although delay might occasion loss and annoyance.
Plaintiffs’ dilatoriness to remove the trees because their canals were not in fit condition cannot be remedied by reading the condition out of the contract. The contract was broken by failure to remove the trees in time. The owner bound herself to sell to plaintiff the number of trees that it would remove within the stipulated time. At the end of that time the right fell.
Courts are bound to give legal effect to contracts according to the true intent of the ‘parties as expressed in the contract. Civ. Code, art. 1495.
Plaintiff confidently cites Globe Lumber Co. v. Sheriff, 106 La. 415, 30 South. 902, in which it was decided that the timber on the land may become the property of one man, and the land remain the property of another.
We have seen that the purchaser in the case before us for decision became the owner of as many trees as it was possible for him to remove within the time in question.
That presents a different question. The issues involved in the cited case are not pertinent. ,
In the next decision cited by learned counsel for plaintiff, it was stated that for a contract to be destructive of a condition such condition must be expressed with precision. Harper v. Bank, 51 La. Ann. 511, 25 South. 466.
The difference in the case in hand is that the time stipulated (that is, the five years) is not destructive of the condition; it is a condition itself, limitative in its effect, which limits and puts an end to the contract. Each case cited is necessarily dependent'upon the contract under consideration.
We are referred to Broussard v. Verret, 43 La. Ann. 929, 9 South. 905, in which the contract was interpreted.
In that case the land was school land. Two persons — swampers—were contending for the same timber on public school land. The owner made no claim to the timber that plaintiff held to be delivered to the school board; but the defendant in that case imagined that he must be the beneficiary of plaintiff’s work. As the school board had not claimed the forfeiture or the least right against the plaintiff, the defendant was in no position to dispute the right of plaintiff. Besides, the issues in that case were not similar. The facts are different, and the conditions of the contract. As between those contending for the trees, the court allowed each Ms trees to the extent that he had circled and worked them.
Our attention is called by learned counsel for plaintiff to the ease of Zimmerman v. Daffin (Ala.) 42 South. 858, 9 L. R. A. (N. S.) 663, and its interesting decision. But it remains as a fact that the jurisprudence of the different jurisdictions is not harmonious on *839 this particular question, as shown by reference to the decisions referred to in the decision cited.
The trend of the decisions — that is the trend of the best-considered decisions — is that where by agreement the buyer is given time to remove the trees they must be removed within that time, both as relates to standing trees and fallen trees. Johnson v. Moore, 28 Mich. 3; Putney v. Day, 6 N. H. 430, 25 Am. Dec. 470; Hoit v. Stratton Mills, 54 N. H. 109, 20 Am. Rep. 119; Hubbard v. Burton, 75 Mo. 65; Hill v. Hill, 113 Mass. 103, 18 Am. Rep. 455.
We conclude that as the contract of sale contained the condition, which condition was violated, that plaintiff was without right to the trees it claims.
This brings us to the next proposition; that is, the amount claimed for pew trees, or arbres a pieux.
Plaintiffs and defendant were at cross purposes in regard to identifying these trees, and during that time plaintiff went to work, and cut them down.
We are not satisfied that plaintiff gave to defendant the opportunity of taking part in the selection provided by the contract. They were the trees of defendant not included in the contract, and it devolved upon plaintiff not to cut them down as hurriedly as its workmen did, and without giving notice to defendant as required by the contract.
The number of those trees the evidence shows was 90. We think that the price allowed as damages for -these trees is reasonable enough. We do not think that it should be changed.
This brings us to the claim for damages alleged by the defendant by way of recon-vention, on the ground that plaintiff had no right to cut the trees down.
It must be borne in mind that the trees were cut down within the time. The only failure to perform in time was their removal from the land of plaintiff. That applies to all the trees fit for use at the mill, not to other trees.
Now, as to other trees, it does not clearly appear if they were fit or not for use at the mill. There is evidence that of late years trees of smaller diameter than heretofore are sawed into lumber. We do not see any great use in reserving the right as in case of non-suit. On the other hand, we do not think that we should amend the judgment in that minor particular.
It is therefore ordered, adjudged, and decreed that the judgment appealed from is affirmed.