(64 South. 491.)

No. 19,832.

SAVAGE v. WYATT LUMBER CO., Ltd.

(Jan. 5, 1914.  On Application for Rehearing, March 5, 1914.)

*(Syllabus by the Court.)*

1. ESTOPPEL (§ 78*)—EXISTENCE OF CONTRACTS —LOGS AND LOGGING.

Where one who has been given the right, for a consideration, to enter upon land and cut and remove timber fails to attach his signature to the contract, but enters upon the land and cuts the timber, he would be estopped from denying the existence of the contract, so likewise the other party will be estopped from denying its existence after he had stood by and permitted it to be partially performed; besides he had the price.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 204–210; Dec. Dig. § 78.*]

2. LOGS AND LOGGING (§ 3*)—CONTRACT — CONSTRUCTION.

A contract, providing that one of the parties shall have the right to remove timber during 10 years, but shall have further time by payment of the taxes on the land, gives the obligee the right by paying the taxes, to remove timber for a reasonable time after the lapse of 10 years, but he cannot claim this right during an indefinite period.

[Ed. Note.—For other cases, see Logs and Logging, Cent. Dig. §§ 6–12; Dec. Dig. § 3.*]

Appeal from Fifth Judicial District Court, Parish of Jackson; Cas Moss, Judge.

Action by J. B. Savage against the Wyatt Lumber Company, Limited. From a judgment for plaintiff, defendant appeals. Reversed.

Barksdale & Barksdale, of Ruston, for appellant. Hundley & Hawthorn, of Alexandria, and Wm. J. Hammon, of Jonesboro, for appellee.

BREAUX, C. J.  Plaintiff instituted this suit against defendant for a judgment putting an end to all obligations (if any have arisen) under a written instrument, signed, as he avers, by him alone and dated the 11th day of April, 1902. Plaintiff, by this instrument of writing, declared that he granted to the defendants, Sickles and Clouet, the right to enter upon the land of plaintiff, described in the timber deal, for the purpose of cutting and removing the standing pine trees, measuring in diameter 10 inches and up. The right to cut and construct roads and tramways over the property, as well as the right of free egress and ingress, was also granted. The price for all this was $900 in cash, which was paid.

This timber deed contained the provision that Sickles and Clouet would remove the timber at as early a date as possible.

The complaint of plaintiff is that they did not remove the timber within 10 years provided in the deed.

The condition was that if Sickles and Clouet did not remove the timber within the 10 years, then they were to pay the taxes assessed against the property. To quote from the deed:

"Pay the full sum of taxes assessed against the said property after the expiration of said period of ten years from said date until such

time as said timber is· removed and possession returned to petitioners."

The right acquired by Sickles and Clouet was assigned to the Wyatt Lumber Company.

After the 10 years had elapsed plaintiff alleges that the defendant continued to remove a large number of trees and saw them into logs. They were worth, the plaintiff asserts, $9 per thousand feet.

Plaintiff contends that the instrument in writing, before mentioned, is null since the 24th day of April, 1912, the date that the 10 years expired; that it was never signed by the purchaser.

That is quite true as alleged. The deed was not specially signed by the grantee. Clouet signed the deed, but as a witness. A short time after it had been signed by plaintiff and by Clouet, witness, it was proved up by the affidavit of Clouet, and after required proof to authenticate a deed it was filed and duly recorded.

Plaintiff also avers that the defendant did not remove the timber as expeditiously as possible within the 10 years, as required by the contract, and in consequence there remained a number of trees not cut down on the land, which the defendant must lose under the terms of the contract. Plaintiff adds:

"But if the court should find that the Wyatt Lumber Company has removed the timber as expeditiously as possible, and has complied with the written instrument before mentioned, and further that it has a right to accept the instrument at this time and pay the taxes and continue the right to cut the timber, then, in the alternative the Wyatt Lumber Company should be required to cut and remove the timber within a reasonable time, not to exceed 60 days."

Defendant pleads the exception of no cause of action, which is now merged in the merits of the case, and in the answer it admits the execution of the timber deed on the date stated by plaintiff, and states, further, that it was at work removing the timber at the time suit was filed, but it was stopped in that work by the bad weather, rendering it impossible to cut down and remove trees; furthermore, that the greater part of these trees were removed within the 10 years, and that it had the right to remove the trees after the expiration of the 10 years in consideration of its paying the plaintiff the taxes assessed against the land; that it offered to pay the taxes to the plaintiff, but that the plaintiff declined to receive them.

The defendant had removed the trees from at least 80 of the 160-acre tract. During the last winter of the 10 years, defendant attempted to remove the remainder, but was prevented by unfavorable weather, as testified to by its witnesses.

It is not denied that defendant offered to pay the taxes, but that plaintiff refused to accept them.

[1] Taking up·the question of the failure of defendant's authors to sign the deed, we concede that the deed originally was incomplete for reasons stated, but defendant's authors bound themselves irrevocably by paying the price and by removing the trees save a fractional part, which had not yet been removed at the date the 10-year stipulation elapsed. Payment of a price and going on the place, cutting down and removing trees, had the effect of placing the defendant in a position from which it could not have receded had it attempted to recede from the contract. Defendant's ancestors in right assigned the contract, and from them the right had fallen into the hands of defendant. Can there be anything more binding upon the defendant than the fact that the original owners, from whom its right emanates, had assigned the deed?

This being binding upon defendant, it was equally as binding upon the plaintiff. Neither can now deny the right of the other.

In Union Sawmill Co. v. Mitchell, 122 La. 902, 48 South. 317, confidently cited by learned counsel for plaintiff in support of the proposition that an executory contract had

not been accepted, the facts are different from those in the case before us for decision. In the cited case the price was to be paid for the trees as they were cut down and removed. There never was a timely acceptance of the contract. The acceptance was made by one of the purchasers after he discovered that the property would be very much improved in value after it had become a certainty that a railroad would be built. There were several purchasers. One of them never accepted at all, and departed this life without ever having accepted the deed.

In the present case for decision plaintiff, who holds the price, cannot be heard to set aside the sale while holding onto that price. In the cited case there never had been any cash price paid. As before stated, the trees were to be paid for as they were cut down and removed. This was attempted to be done in the cited case without an attempt having been made in due time to accept the deed.

[2] The proposition of plaintiff is that after the 10 years the instrument of writing is null, and the defendant has no right to the transfer.

Plaintiff is not in a position to urge that point by reason of the fact that there was a provision for the payment of taxes as before stated. To the clause relating to the payment of taxes an effect must be given, and when effect is given to it it renders it impossible for plaintiff to insist that the contract is at an end by the lapse of the 10 years, for the stipulation in regard to these taxes must be held as controlling and negativing the right to consider the instrument as a nullity.

But we are not inclined to extend the effect of the payment of the taxes to other years than the stipulated years in the timber deed. It still remains 10 years.

These deeds, although they do not contain a time limit, as in the case of the St. Louis Sawmill Co. v. Thibodaux, 120 La. 834, 45 South. 742, will be decreed closed whenever there is no positive stipulation as to time for removing the trees on the land. Such leases are not authorized to be entered into for a time without limit. We think the effect of the instrument should come to a close.

For reasons stated, it is ordered, adjudged, and decreed that the judgment of the district court is avoided, annulled, and reversed. It is further ordered, adjudged, and decreed that the defendant pay the taxes assessed and due after 10 years on the property, and have six months from date after judgment will become final within which to cut down and remove the trees included in the timber deed. At the end of that time if all the trees have not been cut down and removed, then the effect of the contract shall be at an end, and the defendant shall have no claim to any of the trees remaining on the place, whether standing or cut down; the costs of appeal to be paid by plaintiff.

### On Application for Rehearing.

PER CURIAM. It is ordered that our decree in this case be amended by ordering that the plaintiff pay the costs in the district court, and that, with this amendment, both applications for rehearing be refused.