LAND, J.
This is a possessory action, coupled with a demand for damages for an alleged trespass by the defendant in cutting and removing timber from the premises.
The plaintiff alleges that he is the owner of the S. E. Sec. 19, T. 23, R. 5 W., and that he has had the real and actual possession of the said property for more than two years prior to the date of the filing of this suit, as will be more fully shown by reference to the duly recorded notarial act of sale and transfer to plaintiff by George Walker of date February 26, 1910.
Plaintiff further alleges that in January or ITebruary, 1913, the defendant disturbed the petitioner in his possession, by trespassing on said land, over his protest, by constructing a tramroad thereon, and cutting and removing timber to the value of $3,-469.77.
Petitioner alleges further damage in the sum of $300 for attorney fees, and claims $250 as punitory damages.
Defendant, answering specially,, denied that the plaintiff owned or ever was in possession of the timber on said quarter section, and averred respondent’s possession of, and title to, the timber removed by respondent from said land in the early part of the year 1913.
Defendant averred that it acquired said timber from George Walker, the alleged vendor of the plaintiff, and J. A. Odom, by duly recorded act of sale of date March 18, 1907; and that, under the terms of said act, the respondent was to have the full and uninterrupted possession of said tract of land for the purpose of cutting and removing timber therefrom, with the right of free ingress to and egress from the land for such purpose; and that plaintiff’s alleged vendor, then owner, was to retain only such possession of the land as would not interfere with defendant’s rights under its purchase and possession of the timber; and that the right of way of 50 feet over and across said land was in terms perpetual.
Defendant further averred that its possession of said timber as owner and its rights on the land in connection therewith were well known to the plaintiff at the time he claims to have acquired possession from the said George Walker.
The case was tried, and there was judgment in favor of the plaintiff, for the sum of $1,767.77 for timber cut and removed from the premises, and $250 damages as attorney fees.
The defendant has appealed.
The judge a quo in his written opinion says:
“The question of ownership vel non cannot be inquired into here; the sole question will be confined to possession, and the action of damages coupled with it. The only bearing that the titles before the court can have, or at least the principal bearing, is upon the nature of the possession as it may affect the issues. * * * The evidence in this case shows that the plaintiff wont into actual possession of a small tract or portion of the land described herein under his deed; that he cultivated about 15 or 20 acres of the land.
“Actual possession of part of a tract of land, with title to the whole, is possession of the *909 whole: and civil possession, sufficient for the purposes of a possessory action, is preserved by the intention to possess, though the actual possession be terminated, and this, whether there be inclosures or not.” Sallier v. Bartley, 113 La. 400, 37 South. 6.
The judge a quo further said:
“That the only question that can enter into this phase of the case is whether or not the possession of the land carried with it the possession of the timber which had been previously sold under act duly recorded.
“Defendants contend that his prior sale of the timber was a segregation of same from the land. There is great force in this contention, but I conclude that while timber may be separated figuratively from the soil for the purposes of ownership and taxation, yet this is a limited, as well as a figurative, segregation. When so segregated, the timber is subject to all the rules appertaining to real property, and by statute remains an immovable. Act 188 of 1904; Smith v. Huie-Hodge Lumber Co., 123 La. 959 [49 South. 655].”
In a similar ease, the Court of Appeals, Second Circuit, said:
“But in this case before the plaintiff ever acquired any title the owner of it had sold the timber to the defendant company.
“There can be no question that such a sale was and is a ieg’al one, and that it transferred a perfect title to the timber on the land to the purchaser.
“The law contemplates the segregation of the timber from the land, and the ownership of the two by different persons. Act 1S8 of 1904. The plaintiff could acquire no greater right to the property than his vendor possessed at the time of his purchase, and the land came to him burdened with the rights of the defendant company to the timber and the expressly stipulated light of possession of the land for the purpose of felling and removing the timber. Can it be said that the company, by the exercise of a legal right, has committed a legal wrong?
“The contentions of the plaintiff lead to conclusions which are obviously absurd, as well as grossly unjust.”
See opinion of Court of Appeals in Charles Houston Walsworth v. Wyatt Lumber Co., signed, November 4, 1913.
[1] The record shows that the defendant, on March 18, 1907, purchased from George Walker all the pine and white and post oak timber on the tract of land in question, with rights of way, etc., as set forth in the answer. The deed was duly recorded on the next day.
Under Act 188 of 1904, standing timber is an immovable, and is subject to all the laws of the state on the subject of immovables, even when separated in ownership from the land on which it stands.
Hence, said sale created two separate estates, one in the land, and the other in the timber belonging to different owners.
[2] It is obvious that after said sale, the possession of the land by tbe owner did not carry with it the possession of the timber, which he had sold to the defendant company.
Nearly three years later, the vendor sold to the plaintiff the same quarter section, and other lands, “with all and singular the improvements thereon.” The deed contains no mention of the timber on the land.
The plaintiff when he purchased knew, or was presumed to know, from the recorded deed’ from his vendor to the defendant that the timber had been sold, and thereby segregated from the land he was buying.
No contract or agreement between the plaintiff and his vendor could affect the legal situation resulting from the prior sale of the timber to the defendant.
The segregation of the timber from the land destroyed its character as an accessory, and converted it into a separate immovable.
This being the legal situation, the actual possession by the plaintiff of a small fraction of the land did not carry with it possession of the timber or any part thereof.
It may well be doubted that George Walker ever intended to sell the timber to the plaintiff, but if such was his intention, the transfer was null, as a sale of property belonging to another. C. C. art. 2452; Bonvillain v. Bodenheimer, 117 La. 810, 42 South. 273. Plaintiff was bound to take notice of the duly recorded prior sale of the timber to the defendant. Under such a state of facts, it would be manifestly unjust to permit the plaintiff to recover the value of the timber from the defendant.
*911 It is therefore ordered that the judgment appealed from be annulled, avoided, and reversed, and it is now ordered that plaintiff’s suit be dismissed, with costs in both courts.