(81 South. 263)

No. 21755.

SIMMONS v. TREMONT LUMBER CO.

(Feb. 3, 1919.   Rehearing Denied March 13, 1919.)

*(Syllabus by Editorial Staff.)*

1. LOGS AND LOGGING ⊗═══3(7)—CONTRACT FOR SALE OF TIMBER—"SALE."

Contracts for the sale of timber, apart from the sale of the land upon which it stands, do not grant a servitude, but are sales, in view of Act No. 188 of 1904.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Sale.]

2. LOGS AND LOGGING ⊗═══3(14) — SALE OF TIMBER—TIME FOR REMOVAL.

Until a time limit has been fixed by a contract for the sale of standing timber, and has expired, the owner of the land shows no cause of action to have the timber declared forfeited to him, or any prescription against the purchaser's right under the contract.

3. LOGS AND LOGGING ⊗═══3(7) — SALE OF STANDING TIMBER—"IMMOVABLES."

Under Act No. 188 of 1904, standing timber is an immovable, and is subject to all the laws of the state on the subject of immovables, even when separated in ownership from the land on which it stands.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Immovable.]

Appeal from Fifth Judicial District Court, Parish of Winn; Cas Moss, Judge.

Suit by William V. Simmons against the Tremont Lumber Company. From a judgment dismissing his suit on an exception of no cause of action, plaintiff appeals. Affirmed.

John H. Mathews, of Alexandria, for appellant.

Stubbs, Theus, Grisham & Thompson, of Monroe, for appellee.

SOMMERVILLE, J.   Plaintiff appeals from a judgment dismissing his suit on an exception of no cause of action.

Plaintiff alleged that one of his ancestors in title had sold, February 11, 1903, to defendant's vendor, "all the merchantable lumber on the following described land," etc.; that a reasonable time had elapsed since said sale, being more than 10 years at the time of filing the suit, and defendant had not removed said timber; that the right to remove the timber was a servitude; and he pleaded the prescription of 10 years to defendant's right to remove. He prayed that the right of defendant to said timber be declared to be prescribed, terminated, and extinguished, and the lands freed from any and all the uses, burdens, and incumbrances established by the original contract, and for an injunction to prevent the defendant from using the land for any purpose whatever, and from using any passage or way over said land, or right of ingress or egress over it.

The deed of sale is attached to and made part of the petition, and it does not contain any fixed time within which the purchaser was to remove the timber which he bought. The act of sale recites:

"I am the owner in fee simple of the following described land, and with this sale grant the same right to remove the timber therein sold as the vendee herein would have, if he had bought the land and timber. I further bind myself, heirs, and representatives to forever warrant and defend the title to the timber herein conveyed."

The effect and scope of the quoted clause is not before us for discussion.

[1] Plaintiff argues that the sale of standing timber is the granting of a servitude, and not a sale of the timber. He is in error.

Contracts for the sale of timber, apart from the sale of land upon which it stands, have been before the court for discussion, and they have been approved as sales. Act 188 of 1904, p. 420; Lumber Co. v. Sheriff, 106 La. 414, 30 South. 902; St. Louis Cypress Co. v. Thibodaux, 120 La. 834, 45 South. 742; Shepherd v. Davis, 121 La. 1016, 46 South. 999; Lee v. Hotard, 122 La. 850, 48 South. 286, 129 Am. St. Rep. 368; Kent v. Davis, 122 La. 1064, 48 South. 451; Smith v. Huie-Hodge, 123 La. 959, 49 South. 655; Hyde v. Barron, 125 La. 227, 51 South. 126; Savage v. Wyatt, 134 La. 631, 64 South. 491; Gray v. Edgar, 138 La. 906, 70 South. 877; Woods v. Union Sawmill Co., 142 La. 554, 77 South. 280.

[2] Should the act of sale be considered one without a time limit, that defect might be cured. But this is not a suit calling upon the court to supply the defect by fixing a reasonable time within which the timber would have to be removed. Until a time limit has been fixed, and has expired, plaintiff shows no cause of action to have the timber declared forfeited to him, or that defendant's title to the timber and rights under the contract are prescribed. The exception of no cause of action was properly sustained.

In the case of Smith v. Huie-Hodge Lumber Co., 123 La. 959, 49 South. 655, the court was called on in a case of lesion beyond moiety to say whether or not a sale of standing timber was a sale of separate property. It is there said:

"Contracts for the sale of standing timber, with varying stipulations as to price and as to the time in which the timber should be removed, have more than once been held by this court to be sales. * * *

"In the case of St. Louis Cypress Co. v. Thibodaux, 120 La. 834, 45 South. 742, the contract was held to be a sale of only so much of the timber on a certain tract as the purchaser should remove within a certain time, but neither upon the original hearing nor the rehearing was it intimated that there was no sale."

See, also, Hyde v. Barron, 125 La. 227, 51 South. 126. In the syllabus it is said:

"Timber sold while standing on the land of the vendor continues to be an immovable. 'Standing trees are immovable, even when separated in ownership.' Act No. 188 of 1904. The sale of timber comes within the provisions of article 1861 of the Civil Code, according to which relief is granted the vendor of an immovable if the price given is less than one-half of the value."

[3] In the case of Gray v. Edgar Lumber Co., 138 La. 906, 70 South. 877, it is held:

"Under Act 188 of 1904, standing timber is an immovable, and is subject to all the laws of the state on the subject of immovables, even when separated in ownership from the land on which it stands.

"Hence said sale created two separate estates, one in the land, and the other in the timber, belonging to different owners."

In the case of Woods v. Union Sawmill Co., 142 La. 554, 77 South. 280, it is said:

"Therefore, at the expiration of the term of six years allowed for the cutting and removal of the timber, the relation between the plaintiff and defendant, with regard to the property, was that the defendant owned the timber on the plaintiff's land, without a definite time in which to cut and remove it. The plaintiff's remedy, under the circumstances, was not to prevent the defendant from removing its timber from his land, but to demand that the timber be removed, and, if necessary, to sue to have the time for the cutting and removal of the timber fixed by a judgment of court. See Savage v. Wyatt Lumber Co., 134 La. 627, 64 South. 491. Such a suit would be in the nature of an action for a partition or division of the property, of which the plaintiff owned the land and the defendant the timber eight inches or larger in diameter."

The following is from Shepherd v. Davis Bros. Lumber Co., 121 La. 1016, 46 South. 1000:

"In like manner, the nonfixing of a time within which the trees should be cut was insignificant, in view of the fact that, in case the purchaser delayed unreasonably in the matter, the vendor could call upon the court to supply the

defect of the contract in that respect by fixing the time. St. Louis Cypress Co. v. Thibodaux, 120 La. 834 [45 South. 742]."

The judgment appealed from is affirmed.