OVERTON, J.
In April, 1906, plaintiff sold to Florien Giaugue all pine timber eight inches or more, in diameter, on 360 acres of land belonging to him, and located in the parish of De Soto. There was also conveyed to Giaugue by this deed the right to build a tramroad across any part of the land above mentioned, l’or the purpose of removing the timber from it and from land in its vicinity. The consideration stated in the deed is $360, which was paid. In June, 1913, Giaugue sold to defendant the timber that he had acquired from plaintiff, together with such rights to build and maintain tramroads as he had upon the land. In February, 1916, plaintiff notified defendant that, unless it removed the timber from the land before the expiration of 10 years from the date of his deed to Giaugue, it would not he permitted to remove the timber at all. This notice was given within two months Defore the expiration of that period.
No effort was made by Giaugue, nor by defendant, to remove the timber, or to construct tramways on the land, until March, 1918, about 12 years after plaintiff’s deed to Giaugue had been executed, when defendant undertook to construct a tramroad on a portion of the land for the purpose of removing the timber. This attempt caused the present suit.
Plaintiff contends that the sale to Giaugue is null and void because it is without a valuable consideration. He alleges that the consideration of $360 was out of all proportion to the value of the property at the time of the sale, which was then worth $4,000, and is now worth more. He further alleges that the deed is null and void, because no period was fixed within which the timber should he removed, nor within which the remaining rights granted by the deed should be exercised. Should he fail to receive relief on the above grounds, then and in that event, he contends that the right to cut and remove the timber and to build roads is a servitude; that he notified defendant, unless it exercised its rights in respect to the property within 10 years from the date of the sale to. Giaugue, he would treat the deed as no longer in force; that, as those rights were not exercised within 10 years from the time they were granted, notwithstanding said notice/ defendant lost them by the prescription of 10. years. He then alleges that, at the time this suit- was filed, defendant was in the act of building a tramroad on the land to remove the timber, and to prevent it from doing so, he prayed for and obtained a preliminary writ of injunction.
Defendant, before answering, filed an exception of no cause of action, and a motion *975 to dissolve tlie injunction. These were referred to tire merits, by consent, and without prejudice to either party. Defendant then answered, asserting its right to cut and re move the timber and to build the tramroad, and reconvened for damages, including $500 attorney’s fees, for the unlawful issuance of the writ of injunction.
- Opinion.
[1] Plaintiff’s deed to Giaugue, for the stated consideration of $360 is valid on its face. To annul it, plaintiff should have brought a direct action. • Instead of doing so, he has ignored his vendee, Giaugue, and has attacked the deed collaterally. Beyond this, it may be said that he waited silently for several years until defendant bought on the faith of the deed, and after that even recognized its validity by notifying it to cut and remove the timber.
[2, 3] The fact that no period was fixed by the deed within which the timber should be removed in no manner affects its validity. Such an omission may be supplied by application to the proper court. Shepherd v. Davis Bros. Lumber Co., 121 La. 1011, 46 South. 990. Until a period is fixed by agreement of the parties, or by the proper court, upon application made to it, the right to remove the timber remains in the grantee- indefinitely. Big Pine Lumber Co. v. Hunt, 145 La. 342, 82 South. 363; Simmons v. Tremont Lumber Co., 144 La. 719, 81 South. 263. Because plaintiff notified defendant to remove it within -a fixed period does not sup ply the omission in the deed. It could not be supplied, in an extrajudicial manner, without the consent of the defendant.
[4] The sale of the standing timber, separately from the land, did not have the effect of creating a mere servitude. It created two distinct estates; one the land, the title to which remained in plaintiff, the other, the timber, the title to which passed to plaintiff’s grantee. Act 188 of 1904; Gray v. Edgard Lumber Co., 138 La. 906, 70 South. 877: Simmons v. Tremont Lumber Co., cited supra. Therefore plaintiff’s contention that the sale created only a servitude, which has been extinguished by the prescription of 10 years, for failure to exercise the rights under it for that period, must fall.
[5, 6] The right granted in the deed to enter upon the land and to construct a tram-road for the purpose of removing the timber in question, and for the purpose of removing timber from other lands in the vicinity, not belonging to plaintiff, is a servitude. In so far as respects the timber in question, the servitude is a mere accessory to that right, •and it was contemplated that it should not come into existence until needed to remove the timber. In so far as respects the second phase of the question, the existence of the servitude for the removal of timber from other lands in the vicinity, 'it is fair to conclude that the parties did not contemplate that the servitude would be used, or begin to run, for that purpose, until the time came to remove the timber from plaintiff’s land. The removal of timber is expensive, and is usually systematically done. All belonging to a company, in the vicinity of a particular tract, therefore, is removed generally about the same time. 'This the parties evidently had in contemplation when the grant was made; and it should be interpreted in relation to that fact, in order to ascertain their intention. This being so, as defendant had reached the timber in its logging operations only shortly before the institution of this suit, the prescription of 10 years has not yet run.
Defendant has asked that the judgment appealed from be amended by allowing it an attorney’s fee of $350 for dissolving the injunction. The motion to dissolve the injunction is not in the record. All that appears is a clerk’s certificate showing that on June 12, 1918, an exception of no cause of action *977 and a motion to dissolve were filed, and that since then they have been lost' or mislaid, with the original record, and that the case was tried on copies of the pleadings. The minutes show that on the day the pleas were filed both were referred to the merits by consent of counsel, and without prejudice to either party. The case was tried and disposed of on the merits. We are not advised as to the grounds urged in the motion for dissolving the injunction.
[7] The rule is that, when an injunction is dissolved on the merits, and not on a motion to dissolve, attorney’s fees will not be allowed as damages. We are unable to say whether the motion to dissolve should have been maintained, as we are not advised of its grounds. Under all the circumstances of the case, there remains nothing else to do but to reject the prayer for attorney’s fees.
Por the -reasons assigned, the judgment of the lower court is affirmed, appellant to pay the costs.