ST. PAUL, J.
Plaintiff’s allegations may be thus condensed:
He alleges that he is the owner of certain lands and of all the timber thereon; that he is now, and has been for some time, in legal and undisturbed possession thereof; that on February 5, 1916, he and his co-owner, Mrs. C. C. Ward, sold said timber to G. S. Blanche with the right in said purchaser, during five years from the date of said sale, to cut and remove said timber; that said term expired on February 5, 1921; that defendant has knowingly and wrongfully trespassed upon said property, and cut and manufactured into lumber about 240,000 feet of said timber, since the expiration of the time granted in said sale; that plaintiff, being the owner of the land from which the timber was cut, out of which the lumber was made, is the owner of the lumber.
Under these allegations plaintiff sequestered said lumber in defendant’s lumber yard.
Defendant pleaded “no cause of action” disclosed; and the plea having been sustained, plaintiff appeals.
I.
If plaintiff was the owner of the timber which defendant cut into lumber, then plaintiff has the right to claim the lumber on reimbursing the cost of manufacture; or (what is the same thing) the value of the lumber less the cost of manufacture. C. C. art. 525; Eastman v. Harris, 4 La. Ann. 193; St. Paul v. La. Cypress Co., 116 La. 585, 40 South. 906.
*18 II.
In Lumber Co. v. Sheriff, 106 La. 414, 30 South. 902 (decided in 1901) this court said:
“Standing timber is property susceptible of being acquired separately from the land on which it grows. * * * ”
In 1904 the Legislature enacted (Act 188) that—
“Standing timber shall remain an immovable, and be subject to all the laws of the state on the subject of immovables, even when separated in ownership from the land on which it stands. * * * ”
In St. Louis Cypress Co. v. Thibodaux, 120, La. 834, 840, 45 South. 742, 745, decided in 1908 on a contract entered into before the act of 1904, this court held:
“A sale of all the cypress timber fit for sawmill purposes on a certain tract of land, for a cash price, with the exclusive right * * * to cut and remove the same for a period of five years, is a conveyance of only so many trees as the purchaser may cut and remove within the time designated, the balance remaining the property of the vendor.”
In Shepherd v. Davis Bros. Lumber Co., 121 La. 1011, 46 South. 999, this court held that—
“The omission from such contract of any time within which the purchaser shall remove the timber does not rob the contract of mutuality of obligation, since such omission can he supplied hy application to the courts.” (Italics ours.)
In Kavanaugh v. Frost-Johnson Lumber Co., 149 La. 972, 90 South. 275, this court held:
“Until a period is fixed by agreement of the parties, or by the proper court, upon application made to it, the right to remove the timber remains in the grantee indefinitely”—citing Big Pine Lumber Co. v. Hunt, 145 La. 342, 82 South. 363; Simmons v. Tremont Lumber Co., 144 La. 719, 81 South. 263.
This last is an affirmative pregnant with a negative, to wit, that when the period fixed by agreement or -by the court has expired the right to remove the timber ceases.
Thus in Savage v. Wyatt Lumber Co., 134 La. 627, 64 South. 491, where a delay of six months was fixed by the court, it was decreed that—
“At the end of that time if all the trees have not been cut down and removed, then the effect of the contract shall he at an end, and the defendant [purchaser] shall have no claim to any of the trees remaining on the place, whether standing or cut down.” (Italics ours.)
And again, in Woods v. Union Sawmill Co., 142 La. 554, 77 South. 280, where a delay of two years was fixed by the court, it was decreed that—
“Any and all timber remaining on the land at the expiration of the two years shall belong to the owner of the land.” (Italics ours.)
Kavanaugh v. Frost-Johnson Lumber Co. and Woods v. Union Sawmill Co., supra, both dealt with sales of timber made since the act of 1904.
But this court has never held that where the parties have agreed upon a delay in which to remove the timber, such delay might be extended by the court; not even in Savage v. Wyatt Lumber Co. and Woods v. Union Sawmill Co., supra, where the delay agreed upon had expired. For in both of those cases the purchaser had stipulated for an extension upon paying taxes; and it was to such indefinite extension that the court put a period of six months and two years respectively. The court itself granted no extension whatever.
III.
It will thus be seen that this court has always held, whether before or since the act of 1904, that standing timber was property subject to be acquired separately from the land on which it grows; but that when sold it must be'cut and removed with in the period agreed upon by the parties or fixed by the court in default of agreement; otherwise said timber reverts to the owner, of the land. The act of 1904 had no other *20 effect upon the status of standing timber so sold except to declare it an immovable, where before that it might have been argued that it was a movable; into the reason and purpose whereof we find it unnecessary to go at this time. Suffice it to say that the question for consideration herein is, not whether standing timber, sold separately from the land, be a movable or an immovable, but whether the interest which the purchaser acquires therein be or be not defeasible by the expiration of the delay given in the contract or fixed by the court. And, as we have just shown, this court holds that at the expiration of said delay the timber reverts to the owner of the land. And that holding is in accord with the jurisprudence which prevails generally. See authorities cited in St. Louis Cypress Co. v. Thibodaux, 120 La. 834, 840, 45 South. 742.
Decree.
The judgment appealed from is therefore reversed, and the exception of no cause of action overruled; and it is now ordered that the case be remanded to the court below for further proceedings according to law; defendant to pay the costs of this appeal and all other costs to await final judgment.
Rehearing denied by Division B, composed of DAWKINS, LAND, and LECHE, JJ.