No. 2534

Second Circuit

LAKE END LUMBER CO. v.
WASHINGTON

(May 22, 1928.   Opinion and Decree.)

(*Syllabus by the Court*)

1. **Louisiana Digest—Timber—Par. 1, 3, 6.**
Where a deed to standing timber failed to
fix a time for its removal, the right
to remove the timber remains in the
grantee indefinitely, until a reason-
able time has been fixed by agreement
between the owner of the land and the
owner of the timber or by judgment
of the court.

> Kavanaugh vs. Frost-Johnson Lum-
> ber Co., 149 La. 971, 90 So. 275.

Appeal from the Tenth Judicial District
Court, Parish of Natchitoches. Hon. John
F. Stephens, Judge.

Action by Lake End Lumber Company
against A. L. Washington.

There was judgment for plaintiff and
defendant appealed.

Judgment affirmed.

Rusca & Cunningham, of Natchitoches,
attorneys for plaintiff, appellee.

James W. Jones, Jr., of Natchitoches,
attorney for defendant, appellant.

STATEMENT OF THE CASE

REYNOLDS, J.   The Lake End Lumber
Company, a partnership composed of J. B.
Hutchinson and C. M. Hutchinson, alleg-
ing themselves to be the owners and in
possession of all of the cypress timber
lying, standing and being on NE¼ of
NE¼, E½ of SE¼ of NE¼; W½ of SE¼
of NE¼; W½ of NE¼; E½ of NW¼;
NE¼ of SW¼; and NW¼ of SE¼ of Sec-
tion 24 Township 10 North Range 10
West, situated in Natchitoches Parish,
Louisiana, by purchase in good faith from
William M. Cady by act dated February
14, 1922, recorded in Book 150 at page
416 of the conveyance records of Natchi-
toches Parish, Louisiana, and that A. L.
Washington was cutting and removing the
timber and had refused to desist there-
from notwithstanding repeated requests
from them, brought this suit to obtain a
judgment perpetually enjoining him from
cutting or removing and from attempting
to cut or remove any more of said tim-
ber; and upon making affidavit and giving
bond a temporary restraining order was
issued.

The defendant answered the suit, ad-
mitting the alleged cutting and removal of
timber as alleged and asserting that he
owned the timber and had a legal right
to do so. And he alleged—

"Further answering, your defendant
shows that William Washington, the father
of your defendant, and from whom your
defendant inherits together with his co-
defendants and the surviving spouse of the
said William Washington * * * did sell
to the Caldwell-Norton Lumber Company,
as per act of sale recorded in book 124,
folio 111 of the records of the parish of
Natchitoches, the timber described as the
cypress timber on the lands described in
plaintiff's petition. That no stipulation of
time was designated for the cutting of said
cypress timber and that more than six-
teen years have elapsed since the execution
of the said sale of said timber, and more
than a reasonable time having elapsed since
the date of said sale for the removal of
said timber, that said timber now reverts
to your petitioner and the heirs of William
Washington."

On these issues the case was tried and there was judgment perpetuating the temporary restraining order and forever prohibiting the defendant from further cutting or removing any cypress timber standing, lying or being on the lands described in the petition and reserving to the plaintiff the right to sue defendant for the value of such timber as he had cut or removed.

The defendant appealed.

## OPINION

Plaintiff's author in title purchased the cypress timber on the land described in the petition from defendant's father, William Washington, who owned both the land and the timber, by a deed which failed to fix a time for its removal, and plaintiff not having removed the timber and defendant conceiving that a reasonable time for its removal had expired proceeded to cut and remove it himself on the theory that plaintiff's right to do so had terminated by mere lapse of time.

The fact that no period was fixed by the deed within which the timber should be removed in no manner affected its validity. The omission might have been supplied on application to the proper court, or by agreement between the owner of the land and the owner of the timber. Until a period is fixed by agreement of the parties or by the proper court upon application to it, the right to remove the timber remains in the grantee indefinitely. And until a time limit has been fixed, and has expired, the owner of the land on which the timber stands has no cause of action to have the timber declared forfeited to him, or that the vendee's title to the timber has expired.

Simmons vs. Tremont Lumber Co., 144 La. 719, 81 So. 263; Kavanaugh vs. Frost-Johnson Lumber Co., 149 La. 971, 90 So. 275.

As the deed under which the plaintiff acquired title to the timber fixed no time limit within which it should be cut and removed and as no limit was fixed by agreement of the parties or judgment of the proper court the title to the timber is still in plaintiff and its right to cut and remove the same still subsists and defendant had no title to nor right to cut or remove any of it.

The judgment appealed from is correct and accordingly it is affirmed.