(122 So. 596)

No. 27365.

COYLE v. ALLEN et al.

April 22, 1929. Rehearing Denied May 20, 1929.

Murff & Perkins, of Shreveport, for appellant.

Henry Moore, Jr., of Texarkana, Ark., and White, Holloman & White, of Alexandria, for appellee Pine Woods Lumber Co., Limited.

J. F. McInnis and Clifford E. Hays, both of Minden, for appellee Allen.

BRUNOT, J. This is a suit for the recovery of the value of certain gum timber cut and removed from land situated in Bossier parish, Louisiana. The trial of the case resulted in a judgment rejecting plaintiff's demand, at his costs. The appeal is from that judgment.

The petition alleges that plaintiff is the owner of the N. W. ¼ of N. W. ¼ of section 23, township 22 north, range 11 west, which fractional quarter section is situated partly in Webster parish and partly in Bossier parish; that 71,669 feet of timber was cut and removed by defendants from that part of the land situated in Bossier parish; that the stumpage value of the timber, at the time it was cut, was $10 per thousand feet, and its value, at that time, when manufactured into lumber, was $40 per thousand feet; and that the timber was cut and removed by defendants in bad faith. The prayer of the petition is for judgment for the alleged value of the lumber, or, in the alternative, for the alleged stumpage value of the timber, with legal interest on the sum of the judgment rendered, from September 1, 1924, and for costs.

The Pine Woods Lumber Company, Limited, and W. E. Allen filed separate answers. The former admits that it purchased from W. E. Allen 39,529 feet of timber, but avers that the stumpage value of said timber was $3 per thousand feet, and the net value thereof, when manufactured into lumber, was $16.15 per thousand feet, and that it purchased the timber in good faith. The answer concludes with a prayer calling W. E. Allen in warranty, and for the rejection of the plaintiff's demands, or, in the alternative, for the same judgment in its favor and against its vendor as might be rendered against it.

W. E. Allen avers, in his answer, that he cut and removed timber from lands in Bossier parish, during the months of July and August, 1924, which he had purchased from the reputed owners and actual possessors thereof, one of whom was Henry Williams; that his purchase of timber from Henry Williams was made in good faith; that at the time of this purchase, and for 20 or more consecutive years prior thereto, Henry Williams was in actual possession of the land, and, to the best of defendant's knowledge and belief, Henry Williams was the then owner of said land and of the timber thereon. In other respects this defendant's answer is similar to the answer of the Pine Woods Lumber Company, Limited, and it concludes with a prayer for the rejection of the plaintiff's demand at his cost.

Both defendants deny all allegations of the petition, except as above noted.

The record discloses that Henry Williams, a colored man, homesteaded the S. W. ¼ of

S. W. ¼ of section 14, and N. W. ¼ of N. W. ¼ of section 23, township 22, range 11 west. The N. W. ¼ of N. W. ¼ of section 23 is situated partly in Webster parish and partly in Bossier parish. Williams obtained his patent from the United States Government in 1913, and recorded the patent in Webster parish, but did not record it in Bossier parish. He lived on one of the 40 acres, but cultivated a part of both fractional quarter sections. In 1920 Williams sold the N. W. ¼ of N. W. ¼ of section 23 to the plaintiff in this suit, but this deed, like the Williams patent, was recorded in Webster parish, but was not recorded in Bossier parish, and Williams continued to possess and cultivate portions of the land conveyed by the deed to plaintiff as lessee of his vendee.

It is shown that, some time prior to the filing of this suit, plaintiff sued the present defendants upon the same cause of action. In that suit the Williams patent and the Williams deed to plaintiff were introduced in evidence. It was proven in that case that 4,900 feet of timber, of the value of $5 per thousand feet, had been cut on the land situated in Webster parish, and a judgment was rendered in favor of plaintiff for $24.50 and costs, and reserving to plaintiff his rights, if any he might have, to sue for the value of the timber cut and removed from the land situated in Bossier parish. Thereafter this suit was filed. During the trial of the case, plaintiff offered, as part of his evidence, the record in the previous suit. The offering was objected to for the reason that the deed under which the plaintiff claimed the property was included in that record, and, as that deed was not recorded in Bossier parish, it was not notice to, and could not affect the interest of, innocent third persons dealing with the ostensible owner, in

actual possession, of property situated in that parish. The court excluded the Williams patent and the Coyle deed, but admitted the balance of the record.

Plaintiff then offered the original deed from Henry Williams to plaintiff, conveying the N. W. ¼ of N. W. ¼ of section 23. The defendants excepted to the offering, for the reason urged supra to the offering of the record in the previous suit, and for the additional reasons that the judgment in that suit was res adjudicata as to the timber cut on land situated in Webster parish, and, as to timber cut on land in Bossier parish, the petition does not disclose a right or cause of action. The objections were sustained. Plaintiff then tendered oral proof to show that the defendant W. E. Allen knew, when he purchased the timber from Williams, that plaintiff had title to the N. W. ¼ of N. W. ¼ of section 23. This tendered proof was objected to, for the reason that plaintiff had not shown title to any property in Bossier parish, and proof of his title to the land from which the timber was cut was a condition precedent to the introduction of the oral testimony. This objection was also sustained.

The affirmance or reversal of the judgment in this case rests entirely upon whether the aforesaid rulings of the district judge are or are not correct. We think they are correct.

Standing timber is declared to be an immovable by Act 188 of 1904. Section 1 of the act provides:

"That standing timber shall remain an immovable, and be subject to all the laws of the state on the subject of immovables, even when separated in ownership from the land on which it stands: Provided that nothing in this act shall be construed as altering, affecting or modifying existing laws relative

to the assessment and taxation of such timber."

See Hyde v. Barron, 125 La. 227, 51 So. 126; Gray v. Edgar Lumber Co., 138 La. 906, 70 So. 877; Simmons v. Tremont Lumber Co., 144 La. 719, 81 So. 263.

C. C. art. 2264, is as follows:

"No notarial act concerning immovable property shall have any effect against third persons, until the same shall have been deposited in the office of the parish recorder, or register of conveyances of the parish where such immovable property is situated."

█ It is the settled jurisprudence of this state that third persons dealing with immovable property need only look to the public records, since notice or knowledge de hors the record is not equivalent to registry. In McDuffie v. Walker, 125 La. 152, 51 So. 100, this court said:

"The law which declares that all contracts affecting immovable property which shall not be recorded in the parish where the property is situated 'shall be utterly null and void, except between the parties thereto' (Laws 1855, p. 335, No. 274), is clear and unambiguous. It was intended to settle in this state the question whether knowledge, possessed by a third person of a contract affecting immovable property should be considered, so far as such person is concerned, equivalent to the registry of the contract, and it settled that question in the negative."

In this connection we cite Breaux v. Royer, 129 La. 894, 57 So. 164, 38 L. R. A. (N. S.) 982; Schneidau v. New Orleans Land Co., 132 La. 264, 61 So. 225; Dalbey v. Continental Supply Co., 165 La. 636, 115 So. 807.

For the reasons stated we think that the judgment appealed from is correct, and it is therefore affirmed at appellant's cost.

THOMPSON, J., dissents.