192 So.2d 246 (1966)
Julian J. LOEB
v.
Mrs. Rose BADALAMENTI et al.
No. 2333.
Court of Appeal of Louisiana, Fourth Circuit.
November 7, 1966.
Rehearing Denied December 5, 1966.
Writ Refused January 20, 1967.
*247 Zelden & Zelden, Sam Monk Zelden, New Orleans, for plaintiff-appellant.
Graffagnino & Konrad, A. J. Graffagnino, Metairie, for defendants-appellees.
Norman J. Pitre, Luling, for John Busalacchi, defendant-appellee.
Before SAMUEL, HALL and JANVIER, JJ.
SAMUEL, Judge.
This is an appeal from a judgment maintaining exceptions of no cause of action and dismissing plaintiff's suit as to a part of his demands.
The petition alleges: On or about January 28, 1957 Louis J. Badalamenti sold to plaintiff a one-half interest in lots 1 through 10, inclusive, in Block 10 in Lone Star Park Subdivision, Parish of St. Charles, for the sum of $10,000. Said act erroneously described Block 1 as Block 10 and it was the intention of the parties to convey to plaintiff a one-half interest in lots of like number in Block 1. On April 6, 1965 Mrs. Badalamenti, the widow of the aforesaid Louis J. Badalamenti, and their two children purported to convey the same described property to John Busalacchi by notarial act for the sum of $10,000 payable in 100 monthly installments of $100 each commencing July 15, 1965. On May 12, 1965 the Succession of Louis J. Badalamenti was opened and his widow and two children were placed in possession thereof. The Badalamenti widow and children and Busalacchi had actual knowledge of the sale of the lots by Badalamenti to plaintiff. And the *248 purported sale to John Busalacchi was unauthorized and made in fraud of plaintiff's rights and interest in and to the property. Named defendants are the widow and two children of Louis J. Badalamenti and John Busalacchi, the alleged purchaser of the property from them.
The petition prays that the original contract between Badalamenti and plaintiff be reformed to show Block 1 instead of Block 10 and further prays for judgment: (1) decreeing that plaintiff is the true and lawful owner of a one-half interest in the lots in suit; (2) ordering that the judgment of possession in the Succession of Badalamenti be modified accordingly; and (3) ordering that the instrument purporting to be an act of sale of the property between the widow and children, as vendors, and John Busalacchi, as vendee, be cancelled and erased from the public records. Alternatively, the petition prays that the defendants be ordered to transfer to him title to one-half of their interest in said property or that there be judgment in plaintiff's favor and against the said widow and heirs in the full sum of $10,000, representing the purchase price paid by plaintiff to Badalamenti.
All of the defendants filed exceptions of no cause of action to plaintiff's petition. The trial court judgment maintained these exceptions, and dismissed the suit, as to plaintiff's demands for judgment: (1) decreeing him to be the owner of a one-half interest in lots 1 through 10 inclusive of Block 1 of the subdivision; (2) ordering modification of the judgment in the Succession of Badalamenti; and (3) ordering that the sale from the widow and heirs to Busalacchi be cancelled and erased from the public records. The suit was also dismissed as to the alternative demand that defendants transfer title to one-half of their interest to plaintiff. The exceptions were overruled as to plaintiff's demands that the instrument upon which this suit is based, i.e., the alleged sale by Badalamenti to plaintiff, be reformed to show Block 1 instead of Block 10 and the alternative demand for return of the purchase price involved in that sale.
We note the record contains copies of the purported sales by Badalamenti to the plaintiff, by the widow and children of Badalamenti to the remaining defendant, John Busalacchi, and by the widow and children of Badalamenti to Lone Star, Inc., a corporation which has appeared in this court as amicus curiae. However, none of these documents was annexed to or made a part of the petition and in view of LSA-C.C.P. Art. 931, which provides that no evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action, and the fact that we are totally uninformed as to how the documents were placed in the record, we disregard those documents in connection with this opinion and decree and consider only the petition and exceptions. The well pleaded facts in the petition are accepted as true in determining the issues raised by the exceptions of no cause of action. Elliott v. Dupuy, 242 La. 173, 135 So.2d 54; Spiers v. Davidson, 233 La. 239, 96 So.2d 502; Ducote v. City of New Orleans, La.App., 176 So.2d 198; Breaux v. Pan American Petroleum Corp., La.App., 163 So.2d 406.
In this court, in both argument and brief, plaintiff concedes that the alleged sale by the Badalamenti widow and heirs to John Busalacchi was registered in the conveyance records of St. Charles Parish prior to the registration in said records of the alleged sale from Badalamenti to the plaintiff, the former being registered on April 7, 1965 at 11:20 a.m. and the latter being registered on the same day at 12:16 p.m.
Under our statutory laws of registry, and under our firmly established jurisprudence of many years, all unrecorded sales, contracts and other instruments affecting immovable property are null and void except between the parties thereto and all persons are entitled to rely on the public records and are not bound or barred by unrecorded claims against the immovable property, even *249 though they may have had actual notice, including notice of the fact that there has been a prior unregistered sale thereof, gained dehors the public records. LSA-C.C. Arts. 2254, 2265, 2266; LSA-R.S. 9:2721; McDuffie v. Walker, 125 La. 152, 51 So. 100; Gonsoulin v. Sparrow, 150 La. 103, 90 So. 528; Coyle v. Allen, 168 La. 504, 122 So. 596; Westwego Canal & Terminal Co. v. Pizanie, 174 La. 1068, 142 So. 691; Chachere v. Superior Oil Co., 192 La. 193, 187 So. 321; Humphreys v. Royal, 215 La. 567, 41 So.2d 220; Haynes v. King, 219 La. 160, 52 So.2d 531; Blevins v. Manufacturers Record Publishing Co., 235 La. 708, 105 So.2d 392; Pittsburgh Plate Glass Company v. Woodcock, La.App., 150 So.2d 660; Hasslocher v. Recknagel, La.App., 160 So.2d 421; Industrial Outdoor Displays v. Reuter, La.App., 162 So.2d 160.
Appellant does not argue that the above stated principles are not the law of Louisiana. But he contends they have no application in the presence of fraud, that his petition properly alleges such fraud and that therefore the exceptions of no cause of action should be overruled and the case remanded for trial on the merits. We do not agree with the contention.
LSA-C.C.P. Art. 856 provides that in pleading fraud the circumstances constituting fraud must be alleged with particularity. A mere allegation of fraud, unaccompanied by factual allegations setting forth with particularity the circumstances which constitute the same, is a mere conclusion of the pleader and does not set forth a cause of action as to fraud. Latham v. Latham, 216 La. 791, 44 So.2d 870; In re Phoenix Building & Homestead Ass'n, 203 La. 565, 14 So.2d 447.
In the instant case the sole allegations relative to fraud are contained in Articles 6 and 7 of the petition. These articles read:
"6.
Petitioner avers that Mrs. Rose Badalamenti, Adline Badalamenti Todaro, Louise Badalamenti Busalacchi and John Busalacchi had actual knowledge of the prior sale of said lots by Louis J. Badalamenti to petitioner as set forth in paragraph #1 of this petition.
7.
Petitioner further avers that the purported sale of said 10 lots in Block 1, as above described, to John Busalacchi on April 6, 1965, was unauthorized and made in fraud of petitioner's rights to and his interest in said lots and was accordingly null and void and of no effect, and that said lots were included among the assets of the succession of Louis J. Badalamenti with full knowledge that said lots were not in fact fully owned by Louis J. Badalamenti, a one-half interest therein having been previously conveyed to petitioner."
Thus, as to fraud, the two articles and the petition allege only that the sale to Busalacchi "was unauthorized and made in fraud of petitioner's rights to and his interest in said lots", the lots were included among the assets of the Succession of Badalamenti "with full knowledge that said lots were not in fact fully owned" by the decedent, and that all defendants had actual knowledge of the prior sale of the property by the decedent, Badalamenti, to the plaintiff.
Under the authorities above cited, the allegation that the sale was unauthorized and made in fraud of plaintiff's rights is a mere conclusion of the pleader and does not set forth a cause of action. And the fact that the lots were included among the assets of the Badalamenti succession, despite the fact that the widow and heirs knew the same were not fully owned by the decedent, is immaterial here. Thus the petition's only allegation of fact as to fraud is that, at the time of the sale to the defendant, Busalacchi, all of the defendants, including Busalacchi, knew of the prior sale by the decedent, Badalamenti, to the plaintiff.
Plaintiff relies heavily on a statement contained in the leading case of McDuffie *250 v. Walker, supra, at page 167 of the Louisiana reports and page 105 of the Southern, wherein the court said: "It is true that `fraud cuts down everything,' * * *". But the balance of the same sentence makes quite clear the fraud to which the court referred. The balance of the sentence reads: "* * * and, if it were alleged and proved in a given case that a mortgagee had been induced by fraudulent representation or device to leave his mortgage unrecorded or to abstain from reinscribing it, or that a vendee had been so induced to leave his title unrecorded and that loss had thereby resulted, such mortgagee or vendee would no doubt be granted relief as against the perpetrator of the fraud."
The fraud referred to in the above quoted portion of the McDuffie opinion does not appear in this case. There is no allegation or suggestion that the failure to register the alleged sale by Badalamenti to the plaintiff was caused by anyone other than the plaintiff himself. And the alleged fact that, at the time of the sale to Busalacchi, all of the defendants knew of the prior unregistered sale by the decedent, Badalamenti, to the plaintiff, does not constitute fraud under our strict laws of registry. Valid title could be transferred despite such knowledge.
The judgment appealed from is affirmed.
Affirmed.