PROVO STY, J.
The plaintiff sues to set aside, for lesion beyond moiety, the contract evidenced by the following documents, which contract is alleged to be a sale:
“Timber Contract.
“State of Louisiana, Parish of Lincoln.
“This contract and agreement made and entered into this the 15th day of November, 1899, by and between W. D. Shepherd, party of the first part, and J. M.. & V. M. Davis, party of the second part, witnesseth:
“That the party of the first part being the owner in fee simple of the following lands situated in the parish of Lincoln, and the state of Louisiana, to wit:
“E. y2 and N. W. %, E. % S. W. % N. E. N. W. S. W. Sec. 1, E. % S. W. N. W. S. E. S. W. N. E. Sec. 2, T. 17, Rge. 5,
“I-Ias this day for and in consideration of the sum of one dollar paid to the party of the first part by the party of the second part, the receipt of which is hereby acknowledged, granted, bargained, sold and conveyed and by these presents do hereby grant, bargain, sell and convey unto the party of the second part, and unto its successors. heirs and assigns all the pine timber of 12 inches and greater in the diameter at the stump, growing, standing and being on said land, for the price of 50 cts. per thousand feet, board measure, payable monthly at the end of each month as the same shall be cut and removed.
“That for the purpose of felling, cutting and removing said timber from said lands, the party
*1014 -of the second part, their heirs and assigns, are to have possession of said land, and the right to cut out and construct roads and tramways over and through the same (field, clearing and •other improvements now on said land not to be interfered with or encroached upon, however, except by special agreement) and the right to 'use the same for the removal of timber which they may purchase on lands adjoining and beyond that described herein, and to have free ingress and egress for their employés, teams and vehicles into, upon and off the same.
“Be it further agreed that if the said J. M. •& Y. M. Davis party of the second part pay unto the said W. D. Shepherd, party of the first part, the sum of $400.00 within 60 days from the above date, then this contract shall be in full force and effect, otherwise it shall be void. Said $400.00 if paid, to apply as payment on 'timber when cut.
“W. D. Shepherd.
“J. M. & V. M. Davis,
■“Witness: Wm. Puska. P.”
■“State of Louisiana, Parish of Lincoln:
“This contract and agreement made and entered into this the 26th day of October, 1900, by and between W. D. Shepherd, party of the first part,' and J. M. & Y. M. Davis party of the ■second part, witnesseth:
“That the party of the first part being the •owner in fee simple of the following lands situated in the parish of Lincoln, and state of Louisiana, to wit.
“W.i/í of S. W. Vi Sect. 3, T. 17 R. 5 W. N. V2 of S. W. Vi see. 1 T. 17 N. R. 5 W. Has this day, for and in consideration of the sum of $300.00 paid to the party of the first part by the party of the second part, the receipt of which is hereby acknowledged, granted, bargained, sold and convoyed and by these presents do hereby grant, bargain, sell and convey unto the party of the second part, and unto its successor, heirs and assigns, all the pine timber of 10 inches and greater in the diameter at the stump, growing;, standing and being on said land for the price of 50 cts. per thousand feet, board measure, payable monthly at the end of each month as the same shall be cut and removed.
“That for thé purpose of felling, cutting and removing said timber from said lands, the party of the second part, their heirs and assigns, are to have possession of said lands, and the right to cut out and construct roads and tramways over and through the same (field, clearing and other improvements now on said land not. to be interfered with or encroached upon, however, except by special agreement) and the right to use the same for the removal of timber which they may purchase on lands adjoining and beyond that described herein, and to have free ingress and egress for their employés, teams and vehicles into, upon and off the same, for the period - years from this date, at the end of which time this contract is to be void as to future operations thereunder.
“Be it further agreed that if the said J. M. & V. M. Davis party of the second part pay unto the said W. D. Shepherd the sum of three hundred dollars ($300.00) within 10 days from the above date, then this contract shall be in full force and effect, otherwise it shall be void. Said ($300.00) three hundred dollars to apply as part payment on timber when cut.
“W. D. Shepherd.
“Witness: Sam Davis. Sam’l Barksdale.”
“Timber Contract.
“State of Louisiana, Parish of Lincoln.
“Be it known, that on this day before me, R. W. Davis and Sam Davis personally came and appeared W. D. Shepherd, a resident of Lincoln parish, state of Louisiana, who declared and acknowledged that on the 15th day of November, 1S99, $400.00 and on the 26th day of October, 1900, $300.00, one hundred and thirteen and 30/100 payment in lumber, he conveyed and sold to J. M. & V. M. Davis, the merchantable pine 10" up timber standing, growing and being on the following described land situated in the parish of Lincoln, state of Louisiana. This contract carrying _ with it all the merchantable pine timber, to wit: N. % of S. W. Vi Sec. 1 T. 17 R. 5, E. i/2 of S. W. Vi and N. W. Vi of S. E. Vi and S. W. Vi of N. E. Vi of Sec. 2-17-5, E. y2 and N. W. Vi of Sec. 11 and W. 1/2 of S. W. Vi of Sec. 3-17-5, E. 1/2 of S. W. Vi of Sec. 11 T. 17 R. 5 West, as is more fully shown by contract of said date, for the price of 50 cents per thousand feet, and that in addition to the payment then made and acknowledged in the said transfer the Davis Brothers Lumber Company, Limited, which is now the owner of said timber, has this day paid on said purchase price, the additional sum of fifteen hundred and eighty-six 70/100 dollars, the receipt of which is hereby acknowledged, and which sum, together with that heretofore paid is acknowledged as full payment for said timber on above described land now owned by me in full force and effect.
“Said appearer further declared that if said Davis Brothers Lumber Company, Limited, its successors, or assigns should fail to cut or remove said timber from said lands within the time prescribed in said original transfer, or within ten years within the date thereof, then that said time for cutting and removing said timber shall be extended until said timber is so cut and removed, provided said Davis Brothers Lumber Company, Limited, its successors or assigns, ’ shall pay all taxes legally assessed against said land, after the lapse of the said ten years until said timber is so cut and removed.
“Thus done and signed in the presence of R. W. Davis and Sam Davis, competent male witnesses, on this the 3d day of April, A. D. 1906.
“W. D. Shepherd.
“Attest: Sam Davis.
“R. W. Davis.”
*1016 Many questions were discussed at the bar, which we deem it unnecessary to go into. We shall base our decision on the prescription of four years in bar of the action of lesion, without even deciding whether an action of lesion will lie in a case of this kind. This suit was filed on August 19, 1907, more than four years after the dates of the two first documents, but less than that time after the date of the third document
Plaintiff contends that for want of any obligation on the part of the purchaser to take the timber, and for want of any fixed time within which the timber was to be taken, the two first documents do not evidence a binding contract. Plaintiff also calls attention to the fact that the second of the documents, that of the 26th of October, 1900, is not signed by the purchaser. From all this, plaintiff argues that up to the time of the signing of the last, or third, document, there was no contract between the parties, and that consequently the prescription of the action for lesion must date from this last contract, and not from the others.
We cannot agree with plaintiff that the first two documents do not evidence contracts. They name a thing and a price, and declare an intention to make a contract of sale. True, they embody a suspensive condition, namely, the payment of a determinate sum by the purchaser within a fixed time, and true, also, one of them is not signed by the purchaser; but, as a matter of fact, the sums were paid within the time specified, and thereby the contracts were perfected. Not only were they perfected, but they were in great part carried out, since a considerable portion of the price was paid, and- as full and complete delivery was made as the thing sold was susceptible of. The absence of written evidence that the payments were made, or, in other words, that the contracts were perfected, and in large measure carried out, could be supplied by interrogatories on facts and articles, and was therefore insignificant.
• In like manner, the nonfixing of a time within which the trees should be cut was. insignificant, in view of the fact that, in case the 'purchaser delayed unreasonably in the-matter, the vendor could call upon the court to supply the defect of the contract in that respect by fixing a time. St. Louis Cypress Co. v. Thibodaux, 45 South. 742, 120 La. 834.
The third document, far from negating or abrogating the former contracts, expressly recognizes their existence and binding effect,, and was manifestly intended by the parties-to have no greater operation than to fix by agreement the amount to be paid under the-existing contracts, and to supplement these existing -contracts in the incidental particulars wherein they were deficient.
The plaintiff also suggests that there was-uncertainty as to the thing sold, because, the time for taking the trees not having been fixed, the purchaser might delay a long time, during which many trees below the contract size would attain the contract size, and others-would die, or be destroyed by storms, or-fires, thereby bringing changes in the thing sold. The answer is that the trees sold were not necessarily those existing at the date-of the contracts, but those of the contract size when the time came to cut.
The contention of plaintiff that the last document does not have reference to the same-land described in the other two documents is refuted by the evidence.
Judgment affirmed.