THOMPSON, J.
 

 This is a suit to have the court fix a term within which the timber on certain described lands situated in Concordia parish should be removed and in default of such removal to have plaintiff, owner of the land, decreed to be the owner of the timber.
 

 After- certain exceptions were filed and overruled, the case was put at issue and tried, resulting in a judgment in favor of plaintiff fixing a term of four years to run from the date of the judgment, and providing that all timber not removed within the time fixed shall revert to the plaintiff.
 

 There is no dispute as to the facts except on the question as to what is a reasonable time in which to remove the timber. The legal controversy results from the interpretation sought to be given by counsel for defendant to the many decisions of this court in which the precise question here involved was at issue. The defendant was at one time the owner of both the land and timber, and some time during 1917 or 1918 granted a mortgage in favor of the Continental & Commercial Trust & Savings Bant and Prank H. Jones, trustees. The mortgage debt not having been paid, foreclosure proceedings were brought in the federal court, as a result of which the land was sold to Roy H. Goddard. Prom Goddard the land passed to the Black River Lumber Company, and from the latter to the present plaintiff. Jn each and every one of the sales mentioned the timber on the land described in paragraph 2 of plaintiff’s petition was expressly excepted, and hence remained the property of the defendant.
 

 One of the contentions of defendant is that there was no contractual relation between the defendant and the plaintiff and its authors in title with reference to the removal of the timber, and for that reason the court was without authority to order the removal within any fixed time.
 

 But the defendant gave a mortgage on the land and consented that the land be sold in default of the payment of the debt. The defendant remained silent, permitted the land to be sold separately from the timber, and acquiesced therein, and now claims to own the timber while admitting that the land belongs to the plaintiff. The defendant by its conduct placed it in the power of, and made it possible for, the mortgagee to sell the land separately from the timber and. thereby to bring about the creation of two separate estates. Hence there were created two separate estates as perfectly and completely as if the defendant had made a conventional sale of the land and reserved to itself the timber. The plaintiff therefore occupies the same position towards the defendant with respect to the timber as it would have occupied if it had purchased the land from the defendant. Whatever contractual relations existed between the defendant and its mortgagee with regard to the timber passed to the present plaintiff, owner of the land.
 

 The further contention is made that, when separated in ownership from the land on which it stands, the -timber becomes an immovable possessing equal rank and dignity with the land, and that the owner of the land has no more inherent right to compel the owner of the timber to sell his timber than the owner of the timber has to compel the owner of the land to sell the land. The conten
 
 *243
 
 tion amounts to a legal heresy, and is contrary to numerous decisions of this court. It is true there may be created under the statute two separate estates, and the title to the land rested in one person and that of the timber in another, but it was never intended and will not do to say that the respective titles are of equal rank and dignity, in the sense' that the owner of the timber can require that the timber be permitted to remain on the land in perpetuity without any right in the owner of the land to cause the timber to be removed. No such impossible situation was ever intended or contemplated. Statutes must be construed, if possible, so as to make them .practicable, and to hold that the owner of the land must subordinate the use of the land to the will and pleasure of the owner of the timber would effectually put the land out of commerce. It is further contended that this court has never fixed a time limit for the removal of timber in a case where the contract between the parties is silent on the subject, and that any expressions that the court might in some cases fix such a limit, are purely obiter. The very eases which counsel cite in support of this contention hold to the contrary.
 

 In Savage v. Wyatt Lbr. Co., 134 La. 628, 64 So. 491, the court fixed six months from the date the judgment became final in which to remove the timber, and decreed that at the end of such time the defendant should have no claim to any timber remaining on the land. In the case of Woods v. Union Saw Mill Company, 142 La. 554, 77 So. 280, the court fixed two years from the date the judgment became final within which to remove the timber, and decreed that all timber remaining on the land at- the expiration of the two years shall belong to the owner of the land. In the two cases cited there was a time limit fixed by consent, but was qualified by the stipulation that, if the timber was not removed within the time fixed, the owner of the timber should' have further time to remove the timber on paying the taxes. After the fixed period had expired, the contract stood as though no time had been fixed, and the court so treated it, and held that the right to remove the timber could not be continued indefinitely, and that the owner of the land had the legal right to have the time definitely fixed. Many cases might be cited, but the question is so well and uniformly settled that it would seem a waste of time to quote from or either cite the cases.
 

 We will say, however, as said in one of the very latest cases, Ward v. Hayes-Ewell Co., 155 La. 18, 98 So. 740, 741, “that this court has always held, * * *' that standing timber was property subject to be acquired separately from the land on which it grows; but that when sold it must be cut and removed within the period agreed upon by the parties or fixed by the court in default of agreement; otherwise said timber reverts to the owner of the land.”
 

 The only remaining question is as to the time allowed for the removal of the timber. The evidence is somewhat conflicting, but we think that the great preponderance of the evidence supports the finding of the trial judge. Indeed his ruling could not be said to be manifestly wrong if he had fixed a-shorter period than four years. The date should, however, be fixed to run from the finality of the judgment. That seems to be the ruling of this court in such eases.
 

 We have not overlooked the plea of estop-pel, and only mention it to say that it has no merit.
 

 The judgment appealed from is amended by making the term for the removal of the timber to commence from the date this judgment
 
 *245
 
 becomes final. In all other respects the judgment is affirmed, at the
 
 cost
 
 of defendant in both courts.