

Phanor Breazeale, of Natchitoches, and Cook & Cook, of Shreveport, for appellant.

Rusca & Cunningham, of Natchitoches, for appellee.

## WEAVER BROS. LUMBER CORPORATION v. BEASLEY.

### No. 4858.

### Court of Appeal of Louisiana. Second Circuit.

### Nov. 2, 1934.

MILLS, Judge.

Weaver Bros. Lumber Corporation brings this suit against Henry N. Beasley to compel the extension of time of a contract to cut and remove the timber from certain land of defendant. It claims this right under a timber deed dated August 10, 1925, which contains this clause:

"It being understood and agreed that all of the timber herein conveyed shall be removed within five years from the date hereof. However, should anything prevent the purchasers from removing this timber within the five years, it is understood and agreed that the purchasers shall have an additional time for removing this timber by paying the seller Fifty Dollars ($50.00) per year until the timber has been removed, the additional time not to exceed a period of five years. The purchasers are also granted a right of way over and across said lands for transportation to its mill or tram of any and all timber that it now owns or may acquire."

The five-year period extended to August 10, 1930. In June, 1930, plaintiff paid defendant $50 for a one-year extension. It did likewise in July, 1931 and 1932. All these

payments and renewals were made before the expiration of the preceding period. In 1933, payment for another year's extension from August 10 of that year was not tendered until September 17, after the expiration of the preceding extended period. This tender was refused by defendant as coming too late, he taking the position that the contract not having been extended beyond and before that time, it expired by its own terms on August 10, 1933; and that the ownership of the uncut timber reverted to him. He also contends that plaintiff, even if in time with its tender, is only entitled as of right to an extension after a showing that something has prevented the purchaser from removing the timber. No such showing is made.

Plaintiff is appealing from a judgment of the lower court rejecting its demands.

■ We will dispose of the second defense first in order to clear the way for the real issue. The timber deed provides that, "should anything prevent the purchasers from removing this timber within the five years it is understood and agreed that the purchasers shall have an additional time," etc. By accepting the payments for three years and granting extension for that time, defendant waived any objection to the failure to remove within the five years. The above provision is not made applicable to the extensions. Time is of the essence of the lumber contract sued upon. The contract is a conveyance of only so many trees as the purchaser may cut and remove within the time designated, the balance remaining the property of the vendor. St. Louis Cypress Co. v. Thibodaux et al., 120 La. 834, 45 So. 742; Ward v. Hayes-Ewell Co., 155 La. 15, 98 So. 740; Shepherd v. Davis Bros. Lumber Co., 121 La. 1011, 46 So. 999; Savage v. Wyatt Lumber Co., 134 La. 627, 64 So. 491; Louisiana Central Lumber Co. v. Womack, 11 La. App. 132, 119 So. 741; Hammond Lumber Co. v. Hilgner, 156 La. 229, 100 So. 407; Willetts Wood Products Co. v. Concordia Land & Timber Co., 169 La. 240, 124 So. 841, 71 A. L. R. 140; Ferriday Cooperage Co. v. Porter, 8 La. App. 588.

If no time has been fixed in the deed, the right continues until the owner of the land applies to a court to fix a reasonable time.

■ The above authorities make it clear that when the last extension granted plaintiff expired on August 10, 1933, without having been extended further, the contract was at an end and the ownership of the timber reverted to defendant vendor. The contract having expired, there remained no right of extension and nothing to extend. To hold otherwise would permit the plaintiff to hold in effect an option on the timber for a year after the expiration of the contract without the payment of any consideration therefor.

The judgment appealed from is correct and is accordingly affirmed.