91 So.2d 594

**BUCKNER–HARMON WOOD CON-
TRACTOR et al.**

v.

**Malcolm M. NORRIS et al.**

No. 42712.

Dec. 10, 1956.

McBride & Goff, Ruston, for plaintiffs-appellants.

Dhu & Lea S. Thompson, Monroe, for defendants-appellees.

McCALEB, Justice.

This suit has for its object the partition by licitation of all the merchantable timber growing on a tract of land approximately 400 acres in area, situated in Lincoln Parish, Louisiana. Plaintiffs, a commercial partnership and its individual members, acquired by purchase and are owners of an undivided 926,670/1,045,440 interest in this timber which they allege is not divisible in kind.

The principal defendants in the case are Malcolm M. Norris, Mrs. Jessie Mae Walker, William W. Norris, J. Allen Norris, Dr. John G. Norris and Mrs. Rebecca Norris Lott, the owners of an undivided 1/11th interest in the timber and in the tract of land. These parties excepted to the petition, pleading, inter alia, that plaintiffs have no cause of action because they, as holders of an undivided interest in growing timber, are not entitled to force a partition of said timber unless all of it has been segregated in ownership from the land on which it stands. This contention was found to be

well taken by the trial judge and plaintiffs' suit was dismissed. Hence this appeal.

Plaintiffs' case for a partition of the timber is largely predicated on Articles 1289 and 1308 of the Civil Code and R.S. 9:1103, which was first enacted as Act 188 of 1904.

Article 1289 of the Civil Code states that "No one can be compelled to hold property with another, unless the contrary has been agreed upon; any one has a right to demand the division of a thing held in common, by the action of partition" and Article 1308 provides that "The action of partition will not only lie between co-heirs and co-legatees, but between all persons who hold property in common, from whatever cause they may hold in common".

Act 188 of 1904, which was later reenacted as R.S. 9:1103, provided:

> "Standing timber shall remain an immovable, and be subject to all the laws of the State on the subject of immovables, *even when separated in ownership from the land on which it stands* * * *". (Italics ours.)

It has many times been held that the effect of Act 188 of 1904 was to create two distinct estates, one consisting of the land and the other of the timber, when the timber is separated in ownership from the land on which it stands. Gray v. Edgar Lumber Co., 138 La. 906, 70 So. 877; Kavanaugh v. Frost-Johnson Lumber Co., 149 La. 972, 90 So. 275; Brown v. Hodge-Hunt Lumber Co., 162 La. 635, 110 So. 886; Cooley v. Meridian Lumber Co., 195 La. 631, 197 So. 255 and Clark v. Weaver Bros. Realty Corporation, 197 La. 63, 200 So. 821.

Relying on the above quoted codal articles, the statute and the cited jurisprudence, plaintiffs insist that, since there has been in this case a segregation of the timber from the land on which it stands by the conveyance of separate fractional titles to the timber alone, they, as co-owners of the said timber, are entitled to demand its partition notwithstanding that the above mentioned defendants have never created separate estates of land and timber in their undivided 1/11th interest.

This argument is not well founded because plaintiffs and defendants are not owners in common of the same estate which is essential under Articles 1289 and 1308 of the Civil Code for the action of partition. Although plaintiffs undoubtedly own an undivided estate in timber, separate and apart from the land on which it stands, they cannot demand a partition from defendants, who hold a single estate under Article 465 of the Civil Code [1] consisting of an undivid-

---

1. Article 465 provides, in part: "Standing crops * * * and trees before they are cut down, are likewise immovable, and are considered as part of the land to which they are attached."

ed interest in the land and growing timber. R.S. 9:1103 does not create a separate estate in standing timber until the ownership therein has been separated from the land, which may be effected either by conveyance or consent, express or implied, of the landowner. But the mere separation in ownership of an undivided interest in land and timber will not entitle the purchaser of the timber interest to a partition unless there has been a complete segregation of the ownership of the land and timber by all those having an undivided interest in the land for the estate of the timber owner is not of the same quality as that of the land (and timber) owner and he cannot be characterized as a holder in common of the timber with the land (and timber) owner.[2]

This view is fully supported by the opinion in Smith v. Nelson, 121 La. 170, 46 So. 200, enunciating the same principle with respect to an attempted partition initiated by the naked owners of undivided interests in an estate against the surviving spouse and usufructuary of certain succession property, who was also an owner in indivision with plaintiffs of that property.[3] It was held that the latter could not force a partition by licitation of the property involved

inasmuch as the effect of such partition would be to fragmentize the half owned in perfect ownership by the surviving spouse into a naked title and a usufruct, thereby depriving him of the right to transmit to his heirs the most valuable part of his estate (since the usufruct created by such a partition would expire at the death of the usufructuary). In other words, Smith v. Nelson stands for the proposition that there is no holding in common as between the owner in indivision of a naked title and the owner in indivision whose ownership is perfect.

The rationale of that decision is significantly pertinent to the case at bar. Were plaintiffs to prevail, the contesting defendants would be required to submit to an invasion of their land for the purpose of cutting the timber therefrom and to the segregating of ownership of their single estate in land to that of land and timber against their will and consent. Furthermore, since these defendants have never agreed to a separation of their land and timber interests, they are entitled to have a partition of the property, as such, and are vested with the right, under Article 1337 of

2. Incidentally, it has been held that the title of a timber owner is inferior to that of the landowner who has sold the standing timber. See Willetts Wood Products Co. v. Concordia Land & Timber Co., 169 La. 240, 124 So. 841, 71 A.L.R. 140, certiorari denied 281 U.S. 742, 50 S.Ct. 348, 74 L.Ed. 1156.

3. See, also, Amerada Petroleum Corporation v. Reese, 195 La. 359, 196 So. 558, in which the doctrine of Smith v. Nelson is quoted approvingly.

the Civil Code, to have the land with the standing timber divided in kind for it is only where the property is indivisible by its nature or cannot be conveniently divided that a partition by licitation is authorized. See Article 1339 of the Civil Code.

Accordingly, there appears to be no sound legal foundation upon which plaintiffs' action can rest for, viewed in its most favorable aspect—that is, that plaintiffs should be entitled to some relief as owners in indivision of an estate in timber, it could not be maintained without doing injury to defendants' vested rights.

■■ This, in itself, would afford good reason to deny the final plea of counsel for plaintiffs that we should resort to Article 21 of the Civil Code and apply equitable relief in the event we find that there is no express law authorizing the partition of standing timber in the circumstances presented. But, apart from this reason, we think that application of equitable principles would be inappropriate in this case since the petition shows that plaintiffs have a small fractional interest in the land on which the timber stands and, therefore, are not without a remedy, having the right to sue for a partition of the entire property with the standing timber thereon.

The judgment appealed from is affirmed.

HAWTHORNE, J., absent.