ODOM, Justice.
 

 There were originally many issues involved in this suit. But this appeal involves only one, and that is whether the vendor’s mortgage securing a note, owned by Arthur A. Angelloz et.al., and held in pledge by the Bank of Maringouin, is operative against the timber situated on the land subject to the mortgage.
 

 The trial judge held that the timber is subject to the mortgage, and the owners of it appealed.
 

 The facts are that on May 10, 1919, Arthur H. Angelloz and others sold to Raymond Foret a large tract of land in Iberville parish for $26,000, $10,000 paid in cash and the balance represented by notes secured by a vendor’s mortgage. The notes were all paid except one for $11,900, now owned by Arthur A. Angelloz et ah, and held in pledge by the Bank of Maringouin. The act of sale and vendor’s mortgage retained contains the usual pact de non alienando clause and the following stipulation with reference to the sale of the timber:
 

 “It is agreed that should said purchaser sell any of the mill timber now on said property, he is to apply one third of the gross price or value thereof towards the payment of the note for $11,900.00, hereinafter described.”
 

 On November 22, 1923, Peter Raymond Foret, the purchaser of the land and the maker of the note and mortgage, sold to R. I. Schwing and J. IT. Moorman “all of the standing and down trees and timber of whatever character and description,
 
 excepting any
 
 and all cypress” situated on the land acquired from Angelloz. A period of five years was granted by Foret to the purchasers for the removal of the timber from a portion of the land and ten years for the removal of the balance. R. I. Schwing and J. H. Moor-
 
 *805
 
 man sold the timber to R. I. Schwing Company, Ine., which concern now owns it.
 

 On February 10, 1926, Foret, for a consideration of $500, granted to the purchasers of the timber additional timé for its removal, making the time for the removal from both portions of the land fifteen years from the date of the sale.
 

 At the time Foret sold the timber for $3,000, the note for $11,900 was held in pledge by the Bank of Lafayette to secure a loan made by the bank to Angelloz. Foret paid to Angelloz, the owner of the note, $1,000, this being one third of the '$3,000 which he had received for the timber, and Angelloz in turn paid that amount to the bank, which was duly credited on the note.
 

 This was in strict accord with the stipulation in the deed and mortgage to the effect that, in case Foret sold the timber, he should apply one-third of the price on this note. The note was redeemed from the Bank of Lafayette and finally pledged to the Bank of Maringouin, which is a party plaintiff to this suit.
 

 The purchasers of the timber and their assigns did not remove the timber from the land within five years, the time originally granted, nor had they removed all of it from that portion of the land at the time this suit was filed.
 

 Foret failed to pay the balance of $10,-900 due on the note, and the purpose of the present suit is to enforce the mortgage and vendor’s lien against the land and the timber. The action is resisted by the owners of the timber; their contention being that the timber itself was relieved of the mortgage and lien when Foret sold it and paid Angelloz one-third of the price which was credited on the note, in accordance with the stipulation written into the deed with reference to the sale.
 

 Plaintiffs contend, on the contrary, that, inasmuch as they were not parties to the sale of the timber, and inasmuch as the mortgage records do not show any cancellation of the mortgage to any extent, they are protected by the pact de non alienando clause in the deed, and that the mortgage is still operative against the timber.
 

 The short answer to the contention of the owners of the note is that their father, from whom they acquired the note by inheritance, was, in effect, a party to the sale of the timber. In the act of sale which he made to Foret, he specifically authorized his vendee to sell the timber, the
 
 only
 
 condition
 
 being
 
 that he receive one-third of the price. Not only did he know that Foret, his vendee, was going to sell the timber, he knew that he sold it and when, and, after the sale was consummated, accepted his one-third of the price and credited it on the note in precise! accord with the stipulation in the deed. If he objected to the sale, it was his duty to speak.
 

 •1-Iis writing into the deed the clause referred to, his knowledge that the sale was being made, and finally his acceptance of his part of the proceeds and crediting the same on the note, was as complete a ratification of the timber sale as if he had been a party to the deed.
 

 There can be no question but that the purpose and intent of the clause in the deed stipulating that, in case Foret should sell the timber, one-third of the price was to be
 
 *807
 
 paid to Angelloz, was that in case of sale the timber should pass to the purchaser free and unincumbered. We fully concur in the ruling of the district judge on this point. He said:
 

 “No clause was necessary to give Foret the right to sell any and all of the timber burdened with the mortgage and vendor’s lien, and if the parties to the agreement did not contemplate that under the provisions of the clause referred to, the timber would pass1 free of the mortgage and vendor’s lien, they could have had no purpose whatever in inserting the clause in the contract,” and further, “I am satisfied that it was the intention of all parties in interest that the timber sold to J. I. gehwing and John H. Moorman was to pass.and accordingly that it did pass 1’ree of the mortgage and vendor’s lien and privilege.”
 

 Now as to the Bank of Maringouin, the pledgee of the note, it is also bound by the transaction, for the reasons that, when it accepted the note in pledge, it had full knowledge, not only of the fact that the timber had been sold, but that Angelloz’s one-third of the price had been credited on the note. The district judge, in his exhaustive review of the facts, said as to the rights of the bank:
 

 “As to the rights of the Bank, it will be observed that the note was paragraphed for identification with the act of sale and mortgage to Foret which contained the clause undey discussion and which was duly recorded, and, moreover the Bank through its Cashier, Mr. Jewell, was informed by Arthur H. Angelloz when he first pledged the mortgage note as collateral that part of the mill timber had been sold for $3,000.00, and that the credit of $1,000.00 on the note represented one third (1/3) of the purchase price of the timber.”
 

 He held correctly that, under the facts disclosed, the bank acquired no more or better rights under the mortgage than the owners of the mortgage notes had at the time the note was pledged.
 

 If the stipulation in the deed with reference to the sale of the timber left any doubt that the intent of the parties was that, if sold, it should pass to the purchaser free from the lien, such doubt is dispelled by the interpretation which the parties themselves seem to have given it.
 

 “When the intent of the parties is doubtful, the construction put upon it, by the manner in which it has been executed by both, or by one with the express or implied assent of the other, furnishes a rule for its interpretation.” Civ. Code, art. 1956.
 

 Foret sold the timber in 1923, and Angelloz knew of the sale, at the time and accepted his part of the sale price and credited it on the note. He knew then, and so did the bank when it took the note in pledge, that the act of mortgage contained the pact de non alienando, the effect of which was to prohibit the vendee from making a disposition of the property sold or any part of it to the prejudice of the rights of the holder of the! mortgage. The purchasers, to the knowledge of Angelloz, cut and removed some of the timber from the' land. If Angelloz had not considered that his mortgage on the timber was lost, it is passing strange that he did not act to protect his rights. And yet nothing was done until this suit was filed in January,
 
 *809
 
 1931, more than seven years after the timber was sold; the timber being assessed to the purchasers all the while.
 

 Foret testified that it was his understanding that the timber was sold free from the mortgage, and, from the conduct and implied assent of Angelloz, he thought so too. Foret’s interpretation of the contract was that he could sell free from the mortgage, and his interpretation had the implied assent of Angelloz.
 

 We approve the holding of the district judge that the timber passed from Foret to Schwing and Moorman free of the lien. But we think he erred in further holding that, whereas the timber was free of the mortgage for the time originally granted for its removal, yet the mortgage reattached at the expiration of that time. He held that under the ruling in St. Louis Cypress Co. v. Thibodaux, 120 La. 834, 45 So. 742, the sale of the timber by Foret to Schwing and Moorman with a time limit for its removal was a sale of only so much of the timber as might be removed within that time, and that all the timber remaining on the land at the expiration of the time reverted to the owner of the soil, and that the extension of the time limit granted by Foret for its removal was not binding on the holders of the mortgage.
 

 The ruling that the timber reverted to Foret, the owner of the soil, at the expiration of the period first granted for its removal, is not sound, for the reason that, prior to the expiration of the time limit first granted, Foret granted an extension of the time for its removal. By this extension of the time, he divested himself of the benefits of the rights of reversion under the original contract with the vendees.
 

 As to the mortgage on the timber, if it was once lost, and it was, it was forever lost. The district judge held, and we concur in his holding, that the timber passed from Foret to his vendees free of the mortgage. That being true, it is a matter of no concern to the holders of the mortgage that Foret extended the time for its removal. The soil was his, and, if he was willing for the owners of the timber to 'have fifteen instead of five years in which tó remove it, that was his affair and did not concern plaintiffs, who had lost all their rights over it.
 

 Counsel cited many cases in their briefs touching the question whether parol testimony is admissible to prove the cancellation of mortgages.- It is not necessary to. discuss the point, for the reason that the question of cancellation is not involved. The question is whether the mortgage on the timber was lost under the terms of the agreement as carried out by the parties. If the plaintiffs were innocent holders, a different situation might arise. But .they are not.
 

 The judgment appealed from recognized plaintiff’s mortgage on the timber, and ordered it sold with the land in satisfaction of the claim.
 

 For the reasons assigned, the judgment is set aside in so far as the timber on the land is concerned, and plaintiffs’ demands to have it sold to satisfy their claim are rejected. None of the costs of this litigation are to be paid by R. I. Schwing Company, Inc., the owners of the timber.