On the Merits
Plaintiff, alleging that the defendant’s agents had been guilty of wilfully trespassing on land owned by plaintiff, and had •cut down and removed twenty-one trees of .a value of $15.00 each, filed suit for $315.-■’00 with interest and costs.
Defendant admitted that the twenty-one trees were cut and removed from the land “belonging to plaintiff, but set forth that the trespass was due to the mistake of certain persons employed by defendant to cut and remove ties on other lands in the vicinity, ■the owners of which had sold their timber to defendant. Averring that the trees were Follow, rotten or otherwise defective, and that only fifty-four cross-ties were made from the twenty-one trees cut from plaintiff’s land of the market value of twenty •cents each, defendant placed the damages ■sustained by plaintiff at $10.80. The answer further set forth that as soon as defendant’s agent discovered that its tie •cutters had violated defendant’s instructions by cutting and removing the twenty-one trees from plaintiff’s land, prompt notice was given to the plaintiff and payment of $115.00 was offered plaintiff in settlement. In the answer the defendant re•asserted its willingness to pay $115.00 to plaintiff “not because defendant admits liability for the cutting of said trees, but merely because defendant desires to avoid litigation and attendant expense.”
The District Court gave judgment in favor of plaintiff for $150.00. Defendant .appealed.
From an examination of the pleadings and the evidence, we find that certain ■workmen employed as tie cutters by the defendant went upon the land of plaintiff without plaintiff’s permission, cut down twenty-one hardwood trees, and converted them into ties which were in turn disposed of by defendant. While the defendant had no specific intent to wilfully trespass on the tract of land owned by plaintiff, we conclude, from an examination of all the circumstances, that the defendant did not use due care in directing and supervising its employees who were cutting timber in the vicinity, and that the unauthorized cutting of the timber was due to the continued negligence of the defendant in the direction and supervision of those employed in the conduct of its tie cutting and marketing operations.
The Supreme Court of Louisiana has adopted a rule that the measure of damages for timber cut in bad faith is the manufactured price of the finished product less the cost of manufacture. This rule was adopted in the case of Ward v. Hayes-Ewell Company, 155 La. 15, 98 So. 740, wherein the Court recited as authority Article 525 of the Civil Code, which authorizes a person whose raw materials have been used by another person in the manufacture of a finished product to claim ownership of such manufactured article “on reimbursing the price of the workmanship.”
Plaintiff introduced testimony that the twenty-one trees cut would have, if manufactured into lumber, amounted to 3500 to 4000 board feet, of a value of $100.00 per thousand board feet, and thus contends that the Court should fix the “manufactured value” in excess of the $315.00 sued for.
Defendant introduced testimony that the twenty-one trees produced fifty-four ties; that the value of the most expensive cross-tie produced at the time plaintiff’s trees were cut was $1.75 per tie, and contends that the total value of the fifty-four ties constituting the “finished product” was therefore $94.50.
The testimony introduced 'by plaintiff that the manufactured value of flooring that could have been made from the trees wrongfully cut has no force in setting the amount of his claim, inasmuch as plaintiff’s right to the value above that of stumpage (which is also below the $115.-00 tendered) is under that portion of the Article .which gives him the right “to claim *920 the thing which was made out of” his materials. Since the maximum value of “the thing which was made” out of plaintiff's-trees, without even considering what it would cost for plaintiff to’ reimburse “the price of workmanship,” - is- less than the $115.00. tendered, it is evident that the plaintiff should not have been awarded judgment in an amount greater than the $115.00 tendered plaintiff by defendant and conceded to be due.
The judgment appealed from is amended by reducing its amount from $150.00 to $115.00, and by striking out the award of interest, and, as amended, same is affirmed. Costs of both Courts, to be divided equally betw.een plaintiff and defendant..